# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2007

Charles R. Fulbruge III
Clerk

No. 07-10406
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARK ANTHONY DRIVER

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-82-ALL

Before GARWOOD, GARZA and OWEN, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Driver pleaded guilty to distributing approximately 1.56 grams of cocaine base contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and was sentenced to 240 months of imprisonment,[1] to be served consecutively to his undischarged state sentence, and a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The maximum statutory sentence for selling 1.56 grams of crack is 20 years. 21 U.S.C. § 841(b)(1)(C).

Driver argues that the district court clearly erred in basing its determination of drug quantity on uncharged relevant conduct that was based on unsworn hearsay allegations that did not have sufficient indicia of reliability and were not sufficiently corroborated, in violation of due process. The district court's calculation of the quantity of drugs involved in an offense is a factual determination reviewed for clear error. United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005). For guideline purposes, the district court found by a preponderance of the evidence that, with the related conduct, Driver possessed 156.2 grams of crack.[2] Considering Agent Coffindaffer's testimony about the reliability of the informants, and the corroborating testimony of Officers Caruthers and Broadwater, the district court did not clearly err, and did not violate due process, in finding that the information in the presentence report concerning other quantities of crack possessed or sold by Driver was sufficiently reliable. See United States v. Rogers, 1 F.3d 341, 343-44 (5th Cir. 1993); United States v. Young, 981 F.3d 184-86 (5th Cir. 1992).

Driver argues that the district court erred in holding him accountable for uncharged relevant conduct that does not fall within the definition contained in U.S.S.G. § 1B1.3. The district court's finding is a factual determination reviewed under the clearly erroneous standard. United States v. Vital, 68 F.3d 114, 118 (5th Cir. 1995). Driver was directly involved in the possession and sale of additional quantities of crack cocaine during the fall and winter of 2005 at the Bideker St. location, which was part of the same course of conduct under section

---

[2] Based of Driver's Criminal History Category of VI and a Total Offense Level of 34 (between 150 and 500 grams of crack), his Guideline Imprisonment Range was between 262 and 327 months. U.S.S.G. § 5A, Sentencing Table. Since the guideline range was higher that the maximum statutory term of imprisonment of 20 years, his guideline range was reduced to 240 months. U.S.S.G. § 5G1.1(a). Additionally, Driver's 240 month sentence would have been within the guideline range even if the district court had found that he possessed as little as fifty grams of crack. See U.S.S.G. § 5A, Sentencing Table (a Total Offense Level of 32 and a Criminal History Category of VI produces a guideline range between 210 and 262 months).

1B1.3(a)(2). The district court did not clearly err in finding that this was relevant conduct. See United States v. Bethley, 973 F.2d 396, 400-01 (5th Cir. 1992).

Driver argues that the district court clearly erred in denying him a reduction in his offense level for acceptance of responsibility. He contends that the district court never stated why it denied acceptance of responsibility. He argues that the district court could not properly deny acceptance of responsibility because he denied uncharged relevant conduct. This court accords "great deference" to the sentencing court's refusal to credit a defendant's acceptance of responsibility. Vital, 68 F.3d at 121. Having already determined that the conduct of distributing additional quantities of crack was relevant conduct, the district court's denial of acceptance of responsibility for the reason that Driver had falsely denied to the probation officer this relevant conduct is entitled to this court's "great deference." See Vital, 68 F.3d at 120-21.[3]

AFFIRMED.

---

[3] Driver did not testify at sentencing, but did allocute; in his allocution (unsworn) he also denied relevant conduct.